## CAMP v. UNITED STATES TIRE CO.
### (No. 8232.)

(Court of Civil Appeals of Texas. Dallas. Nov. 15, 1919. Rehearing Denied Dec. 20, 1919.)

LANDLORD AND TENANT &#9755;72—CONSTRUCTION OF TERM OF LEASE.

Lease of storehouse at gross rental of $12,-900, payable in monthly payments for five years from April 1st, providing that if building was then incomplete the lessee would accept it when completed, but the lessor would refund such rent as might become due to such time as premises should be ready for occupancy, modified by letter to lessee that lease should stand canceled unless building was ready June 1st and, in lieu of refund, lessor should not begin payment of rent until building was ready, construed, and *held* that lease commenced on April 1st and terminated March 31st, five years later, although building was not ready nor occupied until July 15th.

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Action for rent by T. L. Camp against the United States Tire Company. Judgment for defendant, and plaintiff appeals. Affirmed.

---

&#9755;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

J. N. Townsend, of Dallas, for appellant.

Burgess, Burgess, Christman & Brundidge, of Dallas, for appellee.

RASBURY, J. The single question presented by the appeal is the construction to be placed upon a lease and an addendum thereto entered into in writing between T. L. Camp, the appellant, and United States Tire Company, appellee.

On January 25, 1913, appellant leased to appellee a two-story and basement brick building in the city of Dallas for a period of five years from April 1, 1913, to be occupied by appellee as a storehouse for its manufactured products. Appellee for said period agreed to pay a gross rental of $12,900, payable $200 per month in advance during the first two years of the lease and $225 per month in advance during the remaining three years of the lease. At the time the lease was executed, there was in fact no building upon the premises described in the lease. In reference to that fact the parties agreed:

"It is * * * understood that the demised premises will be erected. In the event the building is not completed by April 1, 1913, the lessee agrees to accept the said premises at such date after April 1, 1913, as it shall be ready for occupancy. The lessor agrees to refund such rent as may become due under this lease to such time as the said premises shall be ready for occupancy."

Subsequently, through the medium of a letter addressed by lessee to lessor on February 17, 1913, it was agreed that the lease should stand canceled unless the building was completed and ready for occupancy June 1, 1913, and that in lieu of the lessor refunding any rent accruing prior to the completion of the building and as its equivalent lessee should not begin paying rent until the building was ready for occupancy. The building was actually completed and ready for occupancy July 15, 1913, at which time appellee accepted and assumed possession of same. Appellee occupied the premises from said July 15, 1913, to March 31, 1918, at which time it vacated same and refused to pay any further rental. The total amount of rent paid by appellee was $12,200, paid at the rate of $200 per month from July 15, 1913, to March 31, 1915, and at the rate of $225 per month from April 1, 1915, to March 31, 1918. From the time appellee vacated the premises to the date of trial appellant was unable to rent or lease same and derived no revenue therefrom.

It will be observed from the facts related that appellee actually occupied the premises for a period of four years, eight months, and 15 days, and actually paid appellant as rental the gross sum of $12,200. Appellant's contention is that by the lease provisions appellee bound itself to pay him the gross sum of $12,900 for the use of the premises for a period of five years from and after accepting same, and having only paid $12,200, and having vacated the building before the expiration of five years, and appellant being unable to secure any rental therefrom, appellee was due him $700, the amount sued for.

We are constrained to disagree with the contention. By the plain provisions of the lease we have quoted, which are all that bear in any respect on that point, the lease commenced April 1, 1913, and ended five years thereafter, or March 31, 1918. It is true that the parties, aware that the storehouse had to be erected between the date of the lease or January 25, 1913, and the time in which the term commenced, did covenant that actual occupancy of the premises should commence at a time anterior to that specified in the lease. If that were all that had been agreed upon, the inference might reasonably be indulged that the time for the commencement of the term had been extended to the time when actual occupancy began. But it will be observed that, contained in the clause providing for occupancy later than the time set, is the other covenant which declares in substance that the lessor shall refund all rents which have matured before the actual use of the building is made possible. The language may not be misunderstood. Its import is plain. It contemplates, we are persuaded, no more nor less than that beginning April 1, 1913, lessees should commence paying rent at the rate specified, but if the building for any reason at that time was not ready for occupancy, it should be refunded to appellee. The addendum to the contract, which we have noted, did not add to or detract from that provision. It merely provided that in lieu of lessee paying the rent, and lessor in turn refunding it, the equivalent of that arrangement should be observed, that is, that no rent should be paid until the building actually was occupied.

The judgment of the lower court is affirmed.